FARLEY, Judge,
concurring:
In an order dated March 27, 2002, the Court required the parties to address the impact of Kilpatrick v. Principi, 16 Vet.App. 1 (2002), if any, on this case. Both parties in this matter argued that the Court could decide the matter in their favor irrespective of the Court’s decision in Kilpatrick. I agree, and although I concur in the opinion of the majority, I write separately merely to emphasize this point.
In Mintz v. Brown, 6 Vet.App. 277 (1994), we held that 38 U.S.C. § 1151 does not entitle its beneficiaries to the same benefits as veterans who have service-connected disabilities. Excepted are benefits available in chapters 11 and 13 of title 38 because specific references to those chapters appear in § 1151. Thus, the Court held in Mintz that 38 U.S.C. § 2307, which authorizes the payment by VA of funeral and burial expenses for veterans who die “as the result of a service-connected disability or disabilities,” does not authorize payment to veterans who had been awarded benefits under 38 U.S.C. § 1151, unless that veteran had been awarded service-connection under some other section. Nothing in Mintz precluded, nor could it have precluded, Congress from authorizing the payment of any other benefits under title 38 to veterans receiving benefits under 38 U.S.C. § 1151.
The Court in Kilpatrick found that, while section 1151 does not authorize the payment of specially adaptive housing benefits, payment of such benefits to section 1151 beneficiaries was authorized by section 2101. The Court concluded that the phrase in section 2101 “any veteran entitled to compensation under chapter 11 of [title 38]” encompassed veterans receiving benefits under section 1151. Kilpatrick did not find the immediately following phrase in section 2101, “for permanent and total service-connected disability,” to have limited the scope of the first, broader portion of the sentence. I believe a better reading of that language is that the second clause modifies the first and specifically excludes section 1151 beneficiaries, rather than the first clause expanding the second .to include section 1151 beneficiaries. Irrespective of its questionable merit and uncertain longevity, however, as both parties have demonstrated in their supplemental briefs and at oral argument in this matter, nothing in Kilpatrick impinges upon our interpretation of the statute, 38 U.S.C. § 1922, which is before us today.
Section 1922 makes insurance available to veterans “found by the Secretary to be suffering from a disability or disabilities for which compensation would be payable at 10 per centum or more in degree” if an application is made “within two years from the date service-connection of such disability is determined by the Secretary.” 38 U.S.C. § 1922(a). Just as the burial benefits sought in Mintz were not enumerated in section 1151, the insurance benefits at issue here are not specifically provided for in section 1151. Nor does the plain language of section 1922 specifically include veterans receiving benefits under section 1151. In order for “any person” to apply for benefits “within two years from the date service-connection ... is determined,” service connection must be determined. A veteran receiving compensation only under 38 U.S.C. § 1151 has never had any disability found to be service connected. Thus, he or she cannot meet the requirements to receive benefits under section 1922.